Charles Mitschow, Plaintiff, v. John R. Keim Mills, Incorporated, Defendant.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

Onofrio Curro, Respondent, v. New York, Ontario and Western Railway Company, Appellant.— Motion granted amending order of reversal entered the 11th day of March, 1914, so as to provide for the granting of a new trial, instead of judgment dismissing the complaint. (See *ante*, p. 926.)

In the Matter of Austin W. Carpenter, an Attorney and Counselor at Law.— Report of referee confirmed and order of disbarment entered. All concurred.

In the Matter of the Judicial Settlement of the Accounts of Wheeler L. Bush, as Administrator, etc., Appellant. Mary Wetmore and Another, Respondents.— Decree affirmed, with costs. All concurred; Robson, J., not sitting.

James J. McMahon, Respondent, v. Jerome B. Maltby, Appellant.— Judgment and order affirmed, with costs. All concurred, except Merrell, J., who dissented.

Johanna Brennan, as Administratrix, etc., Respondent, v. The Trustees of the Village of Bath, Appellant.— Judgment and order affirmed, with costs. All concurred, except Foote and Merrell, JJ., who dissented upon the grounds: *First*, that it does not appear that the negligence of the defendant, if any, occasioned the death of the plaintiff's intestate; *second*, that the deceased was not shown free from contributory negligence.

Harvey J. Brannan, Respondent, Appellant, v. Union Stock Yards Bank of Buffalo, N. Y., Appellant, Respondent, Impleaded with Others.— Judgment affirmed, without costs. All concurred.

Mary Maloney, as Administratrix, etc., Appellant, v. The New York Central and Hudson River Railroad Company, Respondent.— Orders affirmed, with costs. All concurred.

The People of the State of New York ex rel. Peter Fitzgerald, Respondent, v. Charles D. Collins, Appellant.— Judgment of the County Court and judgment of Court of Special Sessions reversed. Held, that the failure of the justice to keep any minutes of the testimony renders it impossible to determine that part of defendant's appeal which alleges that his conviction is unsupported by evidence. (*People* v. *Giles*, 12 App. Div. 495; 152 N. Y. 136; *People ex rel. Commissioner* v. *Benson*, 63 App. Div. 142; *People* v. *Hines*, 57 id. 419.) All concurred.

Margaret Foley and Others, Respondents, v. John Fitzgerald and Another, Appellants, Impleaded with Another.— Judgment modified by striking out the provisions for the partition and sale of the Ninth street property, and by directing that the plaintiffs' costs awarded in the judgment be paid out of the proceeds of the sale of the lands described in the first cause of action, and as so modified the judgment is affirmed, with costs in this court and the trial court to the appellants against the plaintiffs. Held, that the evidence is too unsatisfactory to establish that the appellant Mary Fitzgerald held the title to the Ninth street property as trustee for her mother or that her mother had any interest therein; and the findings of fact to that effect contained in the findings numbered 6, 8